**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JAMES ARNOLD, SR.,**

       **Plaintiff,**

**v.**                                             **Case No: 5:24-cv-276-ACC-PRL**

**TARGET CONTRACTORS LLC,**

       **Defendant.**

_____

## ORDER

This case comes before the Court on Defendant Target Contractors LLC's amended[1] motion to stay discovery pending ruling on motion to transfer venue and seeking clarification. (Doc. 19). Defendant moves to stay discovery pending an outcome on its motion to transfer venue (Docs. 11-13) filed in July 2024 and seeks clarification on whether the March 28, 2025 deadline for discovery in the current Case Management and Scheduling Order (Doc. 9) remains in effect. Plaintiff James Arnold, Sr. filed a response in opposition to the motion to stay discovery. (Doc. 26). Upon due consideration, the motion to stay discovery is due to be denied.

As a general matter, the Court has broad discretion in managing discovery matters, including by staying discovery. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Motions to stay discovery may be granted pursuant to Rule 26(c). *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Fed. R. Civ. P. 26(c) (indicating that courts have

---

[1] Defendant states that it filed an amended motion to reflect the new case number in this action (i.e., 5:24-cv-00276-ACC-PRL) in light of the Court's Order transferring the case from the Honorable Timothy J. Corrigan to the Honorable Anne. C. Conway (Doc. 15) on December 19, 2024, and the case having been reassigned to the Honorable Anne. C. Conway (Doc. 16) on December 20, 2024. The docket in this case shows that jurisdiction remains in the Ocala Division.

discretion to deny or limit discovery to protect a party from undue burden or expense and to promote a case's efficient resolution). "[T]he moving party bears the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*.

In particular, this district has found that motions to stay discovery are "not favored because when discovery is delayed or prolonged[,] it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *See id*. As such, "a stay pending resolution of a motion is rarely appropriate unless the resolution of the motion would dispose of the discovery altogether." *Sonate Corp. v. Dunkin' Brands Grp., Inc.*, No. 6:22-cv-812-WWB-EJK, 2023 WL 2391709, at *1 (M.D. Fla. Mar. 7, 2023).

Here, Defendant contends that discovery should be stayed because it will incur additional expenses until there is a resolution on its motion to transfer venue, which seeks to transfer the action to the United States District Court for the District of South Carolina. In response, Plaintiff argues that there is no basis to stay discovery because a change of venue would not obviate the need to conduct discovery, and further delay in discovery will cause additional harm to him, as there have already been delays in Plaintiff's efforts to proceed with depositions.

After weighing the harm produced by delaying discovery against the possibility that the motion to transfer venue will be granted, the Court finds that the balance tips in favor of allowing discovery to move forward. *See Sonate Corp.*, 2023 WL 2391709, at *1 (denying a

motion to stay discovery after issuing a report and recommendation, recommending granting a motion to transfer venue); *Fed. Deposit Ins. Corp. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-cv-208-FTM-38UAM, 2013 WL 12204333, at *1 (M.D. Fla. July 3, 2013) (denying a motion to stay discovery during the pendency of a motion to transfer venue). Even if Defendant's motion to transfer venue is granted, this matter will still proceed and be litigated in the District of South Carolina. In sum, Defendant has not shown good cause to stay discovery or amend the Court's Case Management and Scheduling Order at this time.

Accordingly, Defendant's amended motion to stay discovery pending ruling on motion to transfer venue and seeking clarification (Doc. 19) is **DENIED**. Defendant's motion to stay discovery pending ruling on motion to transfer venue and seeking clarification (Doc. 18) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on January 17, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party